UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUANA CAMACHO RAMIREZ, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) |
| MIKE POMPEO, Secretary of State, UNITED STATES OF AMERICA, | ) ) )  CA: ) |
| *Defendants* | ) |

**ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**

**I. INTRODUCTION**

COMES NOW, Juana Camacho Ramirez, and files this, her Complaint for Declaratory Relief, seeking review of an adverse agency action denying her I-360 Petition for Widow(er).

**II. JURISDICTION AND VENUE**

1. Jurisdiction lies under 28 U.S.C. §1331 (federal question); 28 U.S.C. §1346(a)(2) (actions against officers of the United States); 28 U.S.C. §§2201-2202 (Declaratory Judgment Act), in conjunction with 5 U.S.C. §§701-702 (Administrative Procedure Act). *See*, e.g, 5 U.S.C. §701 (definition of "agency")

2. Venue is properly with this Court, under 28 U.S.C. §1391(e), because the Defendants are employees or officers of the United States, acting in their official capacity, and an agency of United States; because a substantial part of events or omissions giving rise to this claim occurred in the Southern District of Texas as Plaintiff had his I-360 denied in Houston, Texas; and because Plaintiff resides in the Southern District and there is no real property involved in this action.

**III. EXHAUSTION OF REMEDIES**

3. Plaintiff has exhausted all administrative remedies.

## IV. PARTIES

4. Plaintiff, Juana Camacho Ramirez is a Mexican National who was married to a United States Citizen and attempted to adjust her status via an I-360 Petition which was subsequently denied.

5. Defendant, Mike Pompeo, is the duly appointed Secretary of State of the United States. He is the head of the Department of State and is responsible for setting and overseeing proper implementation of the policies and procedures employed by the Department of State and all its various subdivisions, including the United States Citizenship and Immigration Services.

6. The United States of America is also a named Defendant.

7. All Defendants are sued in their official capacity only.

## V. THE FACTS

8. Plaintiff, Juana Camacho Ramirez, is a Mexican national born on January 19, 1967. See Exhibit 1: Mexican Birth Certificate with Translation.

9. Plaintiff married Joseph Robbins, a United States Citizen born on November 29, 1956. They were married on July 16, 2008. Joseph Robbins then passed away on July 14, 2015. See Exhibit 2: Marriage Certificate with Translation; See Exhibit 3: Death Certificate.

10. An alien widow of a United States Citizen is eligible to self-petition by means of Form I-360. The Petition must be filed within two years of the spouse's death. Therefore, Plaintiff had until July 14, 2017 to submit her I-360 Petition.

11. A petition was submitted on June 15, 2017 and arrived on June 26, 2017. At the time, Plaintiff resided in Mexico and so the Petition was sent directly to the U.S. Consulate General in Monterrey as indicated by the official USCIS instructions. These instructions stated that if a Petitioner lived outside the country they should submit their application to the Consulate in charge of the jurisdiction where

they live. In Plaintiff's case, that was the U.S Consulate General in Monterrey, Mexico. A phone call was also placed to the Consulate which recommended sending the Application to the U.S Consulate General in Monterrey. See Exhibit 4: Email Inquiry; See Exhibit 5: USCIS instructions; See Exhibit 6: Tracking Receipt for I-360 Application sent on June 15, 2017; Exhibit 7: Affidavit of Supervisor who Spoke with Consulate Operator.

12. Due to what was believed to be a postal error, the Application was never processed at the Consulate. This was discovered when the Money Order sent along with the Application was not cashed. The I-360 Petition was once again submitted on January 30, 2018 and received January 31, 2018 along with a letter explaining that the Petition had been submitted timely and urging that the Petition be processed. See Exhibit 8: Letter to Consulate; See Exhibit 9: Receipt Notice.

13. Unfortunately, at this time it was discovered that the instructions on the USCIS website were substantially misleading. In reality the application should have been sent to a USCIS Field Office in Brownsville, Texas who would forward the I-360 Petition to the Consulate in Mexico. This was only discovered after USCIS updated their instructions. See Exhibit 10: Updated Instructions.

14. A decision on the January Petition that was sent to the incorrect address was rendered on June 19, 2018. This decision stated that the Petition was denied because more than two years had passed since Plaintiff's husband's death. See Exhibit 11: Notice of Decision date June, 19 2018.

15. Plaintiff resubmitted the Petition on July 14, 2018 to the correct address. The Petition did not include proper payment, was returned, and was resubmitted on July 28, 2018. See Exhibit 12: Fed-Ex Tracking Information for July 14, 2018 Application; See Exhibit 13: Application Submitted July 28, 2018.

16. A decision on Plaintiff's case was entered on August 9, 2018. The decision denied Plaintiff's I-360 Petition. The sole reason was that more than two years had expired since the death of her husband. See Exhibit 14: Notice of Decision dated August 09, 2018.

17. An Appeal was made to the Board of Immigration Appeals on September 07, 2018.

Unfortunately due to an oversight, a personal check was sent in lieu of an acceptable form of payment and the Appeal was rejected. See Exhibit 15: Letter from USCIS dated September 14, 2018.

18. There are no further administrative remedies to pursue. Plaintiff turns to this Court in hope of relief.

### VI. CAUSES OF ACTION

#### A. DECLARATORY JUDGMENT

19. Plaintiff incorporates paragraphs 1-18 above.

20. The Administrative Procedure Act in Title 5 U.S. Code Section 702 states as follows, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof..."

21. A person has standing to sue under the Administrative Procedure Act if they can show that there has been an injury in fact, causation, redressability, and that the injury falls within the "zone of interest". *Bennett v. Spear*, 520 U.S. 154, 162 (1997).

22. Injury in fact has been defined as, "...an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id*. At 167. Plaintiff has suffered an injury-in-fact in the sense that her I-360 Petition was denied and has been unable to adjust her status to Lawful Permanent Resident as a result.

23. Causation requires "...a causal connection between the injury and the conduct complained of-the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court..." *Id*. In this case, Plaintiff's injury was caused as a result of the misleading instructions on the USCIS website. If not for the misleading instructions, Plaintiff would have submitted her I-360 to the correct office in a timely manner.

24. Plaintiff's injury may be redressed by a favorable decision. The Judge may order Defendant to accept Plaintiff's I-360 Application as timely.

25. In order to be within the "zone of interest", a Plaintiff's interest must arguably be protected by the statutory basis whose violation forms the basis of their complaint. *Id*. At 176. Section 201(b)(2)(A)(i) of the Immigration and Nationalty Act provides that an individual married to a United States Citizen may retain their Immediate Relative Status for two years in the event that their U.S. Citizen spouse passes away.

26. The purpose of this statute is to ensure that foreign born spouses of U.S. Citizens are classified as Immediate Relatives and are able to petition for themselves, in spite of the fact that their spouse who would normally petition for them, is deceased.

27. Plaintiff concedes that inneffective assistance of counsel played a role in her failure to submit her application on time. However, because of the misleading instructions on the USCIS website, she has been denied her right to submit her I-360 Application and have it processed on its merits.

28. Therefore, Plaintiff is entitled to bring a declaratory judgment action declaring that she is entitled to have her I-360 Application processed by USCIS and not deemed as untimely, under 28 U.S.C. §2201-2202.

## VII. PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Honorable Court grant the following relief:

(1) Assume jurisdiction over this matter; and

(2) Grant a Declaratory Judgment, declaring Plaintiff's Application should be processed by USCIS and not be denied on the basis that it was submitted more than two years after her spouse passed away.

(3) Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act; and

(4) Grant such other and further relief as the Court may consider appropriate.

Respectfully submitted,

　/s/ Manuel Solis　
Manuel Solis Law Firm
Attorney-in-charge
6657 Navigation Blvd.

Houston, Texas 77011
(713) 844-2997
(713) 921-7503 (fax)
email: maalejan@manuelsolis.com
Federal ID. 36113
Texas Bar 18826790